## JAS. PEAK *v.* LAFAYETTE BUCK AND WIFE.

1. PLEADING AND PRACTICE. *Statute of Limitations.* A replication to the Statute of Limitations in an action at law, that the defendant had fraudulently concealed the cause of action for the period of time necessary to bar the action, and that the action was begun when said cause of action was discovered, is demurrable.

Case cited: Cocke *v.* McGinnis, M. & Y., 361.

2. SAME. *Same.* It is error, however, to allow a demurrer to the replication, that by reason of the events of the civil war, the Courts were closed, and there was no forum in which the plaintiff could bring his action.

3. ATTACHMENT. *Ancillary. Petition for.* The petition, the jurat attached, is, in legal effect, the "affidavit" of the attachment laws, and the petition contains, in substance and effect, all the requisite averments to authorize the writ. But the writ itself, in such case, should have contained them also, and for want of them was a nullity. The form of the original writ of attachment, as given in the Code, is not the appropriate form for the ancillary writ. Both the writ and the affidavit in ancillary attachments must show that a suit has been begun by

Jas. Peak *v.* LaFayette Buck and Wife.

the plaintiff against the defendant, the tribunal in which it was pending, the nature of the action, the amount of damages claimed, and that the cause of action is just.

Cases cited: Lewis *v.* Woodfolk, 2 Baxter, 25; Thompson *v.* Carper, 11 Hum., 545.

FROM PUTNAM.

Appeal from the Circuit Court. S. M. FITE, Judge.

JOHN P. & GEO. B. MURRAY for Peak.

S. H. COLMES and E. L. GARDENHIRE for Buck and Wife.

SNEED, J., delivered the opinion of the Court.

A replication to the plea of the Statute of Limitations in an action at law, that the defendant had fraudulently concealed the cause of action for the period of time necessary to bar the action, and that the action was begun when said cause of action was discovered, is demurrable.

The general principle stated in the case of *Cocke* v. *McGinnis*, M. & Y., 361, that the Courts can make no exceptions to the Statute, except such as the Statute itself has made, has not been departed from in our own Courts of law. The Courts of Equity, however, whose prerogative it is to relieve against all manner of fraud, have continually applied the principle contended for in suits brought in that forum. While we may not very readily

give a sound reason for the difference in these two jurisdictions on the subject, yet it is best to adhere to the landmarks.

The Court is of opinion, therefore, that there is no error in the judgment below, allowing the demurrer to the replication of fraud.    The Court did err, however, in allowing the demurrer to the replication; that by reason of the events of the civil war, the Courts were closed, and there was no forum in which the plaintiff could bring his action.    This is a defence which may well be replied to the plea of the Statute of Limitations.    The constitution guarantees to the citizen that the Courts shall be open, and the Statutes of Limitations were created in reference to that guaranty.    It is not the Courts which make the exception, but the organic law itself, which, being paralysed by the shock of civil war, has, in its turn, paralysed the Statute, and renders it impossible for the citizen to do what the Statute demands of him.

We see no valid exception to the petition for an ancillary attachment in this case.    The petition, the jurat attached, is, in legal effect, the "affidavit" of the attachment laws, and the petition contains, in substance and effect, all the requisite averments to authorize the writ.    But the writ itself, in such case, should have contained them also, and for the want of them was a nullity.    The form of the original writ of attachment, as given in the Code, is not the appropriate form for the ancillary writ.    Both the writ and the affidavit in ancillary attachments must show that a suit has been

begun by the plaintiff against the defendant, the tribunal in which it was pending, the nature of the action, the amount of damages claimed, and that the cause of action is just. This has been the uniform ruling of this Court for a long series of years, and in many adjudged cases, beginning with that of *Thompson* v. *Carper*, 11 Hum., 545, and down to the late case of the executor of *Lewis* v. *Woodfolk*, 2 Baxter, 25.

There is no error in the judgment discharging the attachment, but for the error indicated, reverse the judgment and remand the cause for issue and further proceedings.